case is Farrell v. The Governor, and I have Ashley Rousseau. No. Ashley Rousseau is here. I'm Rory Bellantoni. Okay. Did you sign in? So which one of you is arguing? Who's you're arguing? Okay, I'm sorry. We need to have your louder because we can't hear you. I will be arguing. And your name is? Rory. R-O-R-Y. And what is your last name, sir? B-E-L-L-A-N-T-O-N-I. Bellantoni. I just want to make sure that our corporate report has that information. And are we all, are we good? Your Honor, you said I may take this off? If that is your choice. May it please the court, Your Honor, the the plaintiffs in this case are special education students  This mass mandate has been declared unconstitutional by a Supreme Court Justice in Nassau County. It was created outside the Governor's authority and although the judge in Nassau issued a stay, an injunction staying the mandate, the injunction was stayed but the decision has not been overturned. The mass mandate in New York suffered the same fate as the recent decision in Florida where a judge found the CDC mandate about wearing masks on public transportation was made outside the authority of the CDC. We have public health agencies promulgating laws and the people that promulgate them, the people that help promulgate them like Dr. Fauci are disturbed that courts are involved in this process. And I submit that courts need to be involved in this process. Because the power the Governor exerted here was unlimited. But isn't this science? Aren't we talking about science? Well, that's exactly it. There was no science to justify. In August of 2021 there was no mass mandate for children in public schools. The Governor on August 18th said she didn't have the authority or the power to issue a mandate. August 24th, a mandate is a similar case in upstate New York when the state was tasked with coming forward and presenting the evidence that they used to impose this mandate. There were three or four documents, totally 30 pages from 2020. The Governor did not rely on any science to impose this mass mandate. There was no metric. There was no science that said the Delta variant was spreading through the state of New York because of the COVID. So we had to mask them to stop the spread of COVID. The masks that we're talking about back in November when this was first argued was any mask. We now know that cloth masks in the CDC conceded in January and the state did as much as it's in our papers. That cloth masks don't stop the spread of COVID. There was no particular mask that was mandated. And these masks, when you're talking about kids with disabilities, let's use for instance 504, the mask in conjunction with a disability, in this case a plaintiff EF, she could not handle wearing this mask. Counsel? Yes. You're a practitioner. You understand that you should have moved for an injunction pending appeal in the district court, correct? You didn't do that. We did not do that, Your Honor. My understanding of the rule is unless moving would be futile, and this is exactly what the judge addressed. You can't decide in your own head that it would be futile. You have to file a paper or something. You have to let us know why you didn't take this important procedural step. I believe it's in my papers. I argued that it would be futile to have sought the stay in the district court. That's in the motion, Your Honor. If I could go on another prong, and I share my colleague's concern with that procedural move. Can you explain to me where the irreparable harm is for an injunction when the mask mandate isn't currently in place? I mean, you can go back and argue that there's harm for a permanent injunction if you go back on parents, but where is the irreparable harm justifying a PI right now? You have a disabled student like EF who actually misses school because she can't tolerate a mask. She's not required to wear a mask right now. I'm sorry? She's not required to wear a mask right now. That's the point. She is not, although kids up until kindergarten are still required to wear masks in this city. The request for the injunction pending appeal is that the governor at any time can reinstate the mandate. The district court judge dismissed this case with prejudice. Arguably, if I tried to bring the case back, I wouldn't be able to bring the case back to seek an injunction if the mask mandate is reinstated. My client sought a medical exemption. Neither the governor nor the city has created a process. When she requested the exemption- I'm so sorry. You just said that you don't think you can get injunctive relief on the merits as opposed to in an emergency setting? I mean, I think that's where some of the issue is. No, no, no. In attempting to answer the question that was asked about my client who's not wearing a mask, we're seeking the injunction pending appeal. Part of the issue is the judge the district court dismissed this case with prejudice. Without an injunction pending appeal, if the mask mandate is reinstated during the appeal, we won't be able to go back. EF will not be able to argue with their new facts. We can present a new complaint, but I'm sure the city and the state will argue that those facts, that plaintiff had her case dismissed with prejudice. So I don't know that she would have the relief that we're seeking now. This would be the last opportunity for her to seek that relief pending disappeal. For her, there's a very real harm for students who have disabilities. When the mask aggravates those disabilities and they can't breathe because of the mask, they stay home. EF is an 18-year-old. Mother does not have control of her the way she would of an infant. She applied for the exemption, had a note and was denied any kind of medical exemption. Thank you. We've kept you more than your time. We appreciate you answering our questions. I am under the impression that Judith Bale is going first. That's correct. And you've got four minutes. Is that right? Yes. Thank you, Your Honor. If you could speak to raise the microphone on the side of the podium. I've lowered it a little bit. If you don't mind including in your arguments a response to what your opposing counsel just indicated about how they would not have any other opportunity to present their argument if we continue to side with your side. Yes, Your Honor. That's not correct. They do not have any irreparable harm right now for an emergency application for a preliminary injunction pending appeal. Right now, as Your Honor's indicated, there is no school mask mandate that applies to these plaintiff's children. All of their children are well over five years old. They have all been going to school for the past two months or so in person without having to wear a mask. Even though this is styled a class action, it was never certified, correct? It was never certified, and I don't think there's any basis to try to get a sweeping injunction that would apply statewide when the actual facts here are about three children who are, I think, undisputedly going to school right now without having to wear masks. They are just speculating that the mask mandate might return imminently. There's no indication of that right now. Although there's been a slight rise in cases, the numbers are quite low compared to the peaks that we've seen previously. For example, in the height of Omicron in January, there was a 20% positive test rate. Right now, there's a 6% positive test rate. And maybe more important than that, the hospitalization and ICU rates are fairly low compared to both the peak of the pandemic in 2020 and what we saw in Omicron. Now, it is possible, there is a remote possibility that things will change, but a remote possibility does not warrant a sweeping injunction pending appeal. It means that the status quo should remain and that status quo is DOH having the flexibility it needs to look at the data, see if things do change in the future, and make decisions based on that. If things were to change dramatically, I don't see why plaintiffs couldn't come back to this court pending appeal if they wanted to, and make another emergency motion. But as of right now... Let me ask you about that. Don't you also raise the issue about the failure to make the application before the district court? Yes, yes. It's also true... So, frankly, the correct location, if you're right, is to go to the district court first under Rule 8c, make the application there, and then, if not successful, to immediately come to the applications judge here. Yes. Agreed, Your Honor. If something changes dramatically, they could try to go to the district court again, although I think that case is closed, but I think they should potentially still try to go to the district court, and if that didn't work... Well, district court judges have a habit of closing cases. Yes, for record keeping. That doesn't abrogate Rule 8c. Fair enough, Your Honor. And we don't think it would have been futile for this motion in particular to go to the district court first. An injunction pending appeal is quite different from the underlying preliminary injunction motion or dismissal. How is that? Your opponents seem to draw an equivalency there. How is he wrong? Well, this court made clear in the Agudaf case that there is not an equivalency there. There are plenty of times where a district court thinks it's right, makes a ruling, but understands that maybe an injunction pending appeal to give this court a chance to review would be appropriate. Sometimes the district courts deny that motion, but that is the procedural step that needs to be taken before coming here. I'd just like to touch very briefly on the likelihood of success, because I think there's an exceedingly low likelihood of success on the merits here. In terms of the state law claims that my colleague referenced, I'd just like to note that this court, Sovereign Immunity, precludes this court from issuing an injunction against state officials based solely on state law. Also, the Nassau County Supreme Court judgment has been stayed pending appeal in the second department, and that appeal is still being briefed and will be decided in due course. Thank you. Thank you. And Mr. Young, you deserve a minute. Good morning, Your Honors, and may it please the court, Philip Young on behalf of the city. I'm going to be very brief here. The city is in full agreement with all of the arguments made by the state here. I just want to briefly address the points that my adversary made about irreparable harm with respect to the student E.F. There is no evidence in the record that E.F. has been irreparably harmed in any way by state officials. She attends school regularly. She wears her mask. The teachers at her school and the principal at her school have said that she's had no problems wearing the mask, and her parents have since requesting the medical exemption, which was denied, her parents have never made any further objections to her wearing a mask and have never withheld her from school or she's never been absent from school because of the mask mandate. If the court has no further questions, thank you, Your Honors. We'll take these matters under advisement. We'll give an opportunity. May I just address that last point briefly? I think we're good. We appreciate it. You guys did a good job briefing it, and we will take the matter under advisement. Thank you so much.